HOTCHKINS *v.* MARTIN *et al.*

(*Supreme Court, General Term, Fourth Department.* November, 1890.)

1. SALE—RESCISSION—FRAUD OF PURCHASER.
    In an action to rescind a sale for fraud, and to recover the property, plaintiff must establish representations, falsity, *scienter*, deception, and injury, and all these must concur before a recovery can be had. Approving *Hotchkins* v. *Bank, ante*, 220.

2. SAME—REPRESENTATIONS OF SOLVENCY.
    Statements by a purchaser as to his solvency, made in April, cannot be legally regarded as an assertion of his financial standing in October and November following. Approving *Hotchkins* v. *Bank, ante*, 220.

Appeal from judgment on report of referee.

Action by Cornelia P. Hotchkins against Augustus Martin and **Thomas** Adams. Defendants appeal.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*William P. Cantwell,* for appellants. *Hoyt, Beach & Hancock,* for respondent.

MARTIN, J. This action was replevin to recover 40 top buggies. The defendants claimed title to the wagons in question under a chattel mortgage given them by Lyman J. Folsom in his life-time. These wagons, with others, were sold to Folsom by the plaintiff in October and November, 1886. The plaintiff sought to avoid these sales and recover the property on the ground that they were induced by the fraud of Folsom, and the defendants were not purchasers in good faith, and for a valuable consideration. Thus the first and a most important question in this case is whether the sales by the plaintiff were induced by fraud. If they were not, then the plaintiff was not entitled to the judgment awarded, and it must be reversed. In the months of October and November, 1886, the plaintiff made two sales of 50 wagons each to Folsom. The 100 wagons thus sold were delivered to Folsom, and he gave his notes or acceptances for them. He subsequently gave a bill of sale of a portion of them to the Third National Bank of Malone as collateral security for overdrafts or past-due paper that might be held by it, and a chattel mortgage upon another portion of them, which were the wagons in question in this case, was given to the defendants to secure them as indorsers upon his note for $2,000, which they afterwards paid. After the death of Folsom, the plaintiff brought two actions to recover the property sold by her, which was included in such bill of sale and chattel mortgage. One of these actions was brought against the Third National Bank of Malone for the wagons held by it under its bill of sale, and the other was against the defendants for the wagons taken by them under their chattel mortgage. The two actions were tried together before the same referee, and the same evidence was by stipulation used in both cases. The plaintiff had a report in her favor in both actions, and judgments were entered accordingly. Appeals were taken from both judgments. From the judgment entered in the *Bank Case,* an appeal was taken to the general term of the third department. From the judgment entered in the case at bar, an appeal was taken to the general term of this department. The *Bank Case* was argued and decided before the argument of the appeal in this case. The decision of the general term in the *Bank Case* was in the defendants' favor, and the judgment appealed from was reversed. *Ante,* 220. The judgment in that case was reversed on the ground that the evidence was insufficient to sustain the finding of the referee that the sales of the wagons made in October and November, 1886, were induced by the fraud of Folsom. As the evidence bearing upon that question was the same in both cases, it follows that the judgment in this case must be reversed, or we must disregard the decision of the general term of the third department. Due respect for the decision of that court requires us to accept its decision as correct. Moreover, an examination of the appeal-book in the case at bar has led us to the same conclusion that was reached by that court in the *Bank Case.* We think the judgment appealed from should be reversed. Judgment reversed, and a new trial ordered before another referee, with costs to abide the event.

HARDIN, P. J., concurs. MERWIN, J., concurs on the ground that the decision of the general term in the other case should be followed.